**ORDERED in the Southern District of Florida on** 

**John K. Olson, Judge**
**United States Bankruptcy Court**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Fort Lauderdale Division**
**www.flsb.uscourts.gov**

**In re:**

Danielle Suzanne **Lopata**,

Debtor.
_______________________________/

Case No. 10-31166-BKC-JKO

Chapter 7

GBP Realty Associates, Inc.
*d/b/a Turnberry Int'l Realty*,

Plaintiff,

-v-

Danielle Suzanne **Lopata**,

Defendant.
_______________________________/

Adversary Proceeding No.

11-1665-JKO

**ORDER ON PENDING MOTIONS**

This court conducted a trial on September 21, 2011 and, at the close of evidence, directed counsel for the Plaintiff and Defendant to submit proposed findings of fact and conclusions of law. After reviewing the submissions of counsel and comparing those submissions to the court's notes and recollection of the September 21st trial, the court entered findings and conclusions on November 22, 2011. Those findings and conclusions substantially conformed to the proposed findings and conclusions submitted by Plaintiff's counsel, and the court directed Plaintiff's counsel

to submit a proposed final judgment in favor of the Plaintiff. On November 29, 2011, the court signed a final judgment in favor of the Plaintiff, thereby denying the Debtor's discharge under 11 U.S.C. § 727(a)(3) and (a)(4)(A). The Clerk of Court entered that final judgment upon the docket on December 1, 2011.

*Matters Heard January 25, 2012*

On December 6, 2011, Plaintiff's counsel filed a motion requesting an award of attorneys' fees and costs. On December 15, 2011, Defense counsel filed a motion seeking reconsideration of the court's final judgment and objecting to any award of fees and costs. Plaintiff's counsel filed a response in opposition to the Defendant's motion on December 20, 2011, and the court scheduled the matters for a January 25, 2011 hearing. Defense counsel timely filed a reply brief on January 23, 2012.

Following the January 25th oral argument, the court took the Defendant's reconsideration motion and the Plaintiff's motion for fees and costs under advisement. The court has reviewed the September 21, 2011 trial transcript, the November 24, 2011 findings of fact and conclusions of law, the pending motions, and the written pleadings and oral arguments of counsel. The court concludes that the Defendant's reconsideration motion should be denied and that the Plaintiff's motion for fees and costs should be granted.

*The Reconsideration Motion*

The Defendant's reconsideration motion was filed on December 15, 2011, and final judgment was entered upon the docket by the Clerk of Court on December 1, 2011. The reconsideration motion is accordingly governed by Fed. R. Bankr. P. 9023 (incorporating Fed. R. Civ. P. 59). A party may not utilize Rule 59 to complete presentation of the party's case after the court has ruled

against that party. *See Matter of Reese*, 91 F.3d 37 (7th Cir. 1996). A court may grant a Rule 59 motion if the movant presents newly discovered evidence not available at the time of trial or if the movant points to record evidence that clearly establishes a manifest error of law or fact. *See In re Prince*, 85 F.3d 314 (7th Cir.), *cert. denied*, 519 U.S. 1040 (1996). Unfortunately here, it appears that counsel for the Defendant "read into" this court's questions to counsel at the close of evidence (when the court was directing submission of proposed findings and conclusions) and prematurely concluded that the court was inclined to rule in the Defendant's favor. That the court posed questions to counsel and played "devil's advocate" in an attempt to flesh out issues does not undermine the court's ultimate conclusion that the Plaintiff carried its burden. The court has reviewed the record and comes to no different conclusions today than it did in November. The Defendant has failed to satisfy Rule 9023 standards.

*The Motion for Fees and Costs*

The Defendant objects to any award of fees and costs because "the award of attorney fees under § 727 is not supported by case law or other authority." Def.'s Mot. Reconsider, ECF No. 45, ¶ 24. Defense counsel further argued at the January 25th hearing that 11 U.S.C. § 523(d) contains fee and cost language which is conspicuously absent from § 727 such that the Plaintiff is not entitled to recover fees and costs in this § 727 action. But § 523(d) creates an independent statutory entitlement to attorneys' fees and costs for debtors when creditors bring unjustified § 523 actions. The Plaintiff here is contractually entitled to attorneys' fees and costs, and the court already addressed this in the November 20, 2011 findings and conclusions (at page twenty). Because the Defendant has objected to the Plaintiff's entitlement to fees and costs in their entirety, but has not objected to any line item in particular, the court will awarded fees and costs as requested in the Plaintiff's motion.

It is accordingly ORDERED that:

(1) the Defendant's reconsideration motion at ECF No. 45 is DENIED;

(2) the Plaintiff's motion for fees and costs at ECF No. 44 is GRANTED such that the Defendant is liable to the Plaintiff for fees in the amount of $41,126.00 and costs in the amount of $2,415.57;

(4) the total fees and costs awarded by this order total $43,541.57, for which let execution issue forthwith.

SO ORDERED.

# # #

*Counsel for the Defendant is directed to serve copies of this order and file a certificate of service within seven days.*